**FILED**
November 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ANGEL HERNANDEZ HARO,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL NO. SA-26-CV-5652-OLG** |
| **MARKWAYNE MULLIN *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Angel Hernandez Haro's Verified Petition for Writ of Habeas Corpus (Dkt. No. 1), to which Respondents filed a response (Dkt. No. 4), and Petitioner filed a reply (Dkt. No. 5).

Petitioner is a native of Mexico who has repeatedly entered the United States without inspection and is subject to a prior order of removal. *See* Dkt. No. 4-1 at 2–3. After his most recent entry, Petitioner was encountered by immigration authorities, who reinstated his order of removal. *Id.* at 2; *see* Dkt. No. 4-2. He has since filed a petition for relief under the Violence Against Women Act ("VAWA"). *See* Dkt. Nos. 1 at 4; 1-1 at 2. On September 1, 2026, Petitioner initiated this habeas action asserting rights under a preliminary injunction issued in the Central District of California. *See ICWC v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026).[1] That case has a lengthy background, which is largely irrelevant here. The Court therefore sets forth a more limited background below.

---

[1] Petitioner also asserts entitlement to habeas relief based on the *Accardi* doctrine. *See* Dkt. No. 1 at 11–12. This claim is **DISMISSED**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief").

VAWA permits certain aliens who have been victims of domestic violence by their United States citizen spouse or child to petition for a visa. *See* 8 U.S.C. § 1154(a)(1)(a)(i)–(viii). If the petition establishes a "prima facie case for approval," the petitioner may receive interim benefits until the resolution of the petition and, if necessary, the availability of a visa. *ICWC*, 351 F.R.D. at 352–53. Historically, ICE maintained a policy of refraining "from immigration enforcement against persons with pending [VAWA] petitions . . . , including by releasing them from detention." *Id.* at 353–54; *see* Dkt. No. 1-1 at 4–15. That changed in 2025. At that time, ICE instituted a policy of removing aliens with pending VAWA petitions without first determining whether they have established a prima facie case for approval. *See ICWC*, 351 F.R.D. at 354–55.

In *ICWC*, the district court preliminarily certified a class of individuals with pending VAWA petitions "who ICE detains or seeks to detain for civil immigration enforcement." *Id.* at 367–78. It then granted preliminary injunctive relief to that class, stayed the rescission of ICE's prior policies, and stayed the new policy from taking effect. *Id.* at 378–97.

In the present case, Petitioner asserts that he is a member of the class preliminarily certified in *ICWC*, and that his detention is therefore unlawful during the pendency of his VAWA petition. *See* Dkt. No. 1 at 10–11. The problem for Petitioner, however, is that "most district courts have expressly found *ICWC* does not apply outside the Central District of California, often concluding the injunction is still in its preliminary stages and an appeal is pending, meaning that the injunction is not yet final and does not hold nationwide or preclusive affect." *E.g.*, *Kumstis v. Figueroa*, No. 26-1724, 2026 WL 3169681, at *5 (W.D. Okla. Oct. 22, 2026) (collecting cases); *see Martinez v. Blanche*, No. 26-CV-609, 2026 WL 2824542, at *2 (D. Idaho Sep. 21, 2026) ("*ICWC* is a preliminary, non-final order issued by another district court, and Petitioner identifies no authority establishing that the *ICWC* order independently entitles a class member to habeas relief in another

district." (collecting cases)). Furthermore, even if the Court were to enforce *ICWC* here, "Petitioner has not explained why the *ICWC* order entitles him to release from custody. The relief entered in *ICWC* concerned ICE's challenged enforcement policies and did not, on its face, establish that every class member is entitled to release from detention." *Martinez*, 2026 WL 2824542, at *2; *see C.D. v. Blanche*, No. 26-CV-3566, 2026 WL 2588362, at *5 (D. Minn. Sep. 2, 2026) ("[T]he Court concludes that *ICWC* does not require the Court to issue a writ of habeas corpus prohibiting Mr. C.D.'s removal or ordering his release from custody.").[2]

Accordingly, the Petition (Dkt. No. 1) is **DENIED**.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on November 10, 2026.

ORLANDO L. GARCIA
United States District Judge

[2] The Court also notes that a "pending VAWA application does not, standing alone, confer lawful immigration status or create a statutory entitlement to release from custody." *Prado Orozco v. Raycraft*, No. 26-CV-11985, 2026 WL 2138181, at *7 (E.D. Mich. July 24, 2026) (citation modified).